NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4420

_____

UNITED STATES OF AMERICA

v.

KEVIN LAMARR BETHEA,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-03-cr-00089-001)
District Judge:  Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2010

Before:  FUENTES and VANASKIE, *Circuit Judges*, and DITTER,[*] *District Judge*.

(Filed: September 9, 2010)

_____

OPINION OF THE COURT

_____

DITTER, *District Judge*.

_____

[*]Honorable J. William Ditter, Jr., Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

This appeal arises from the District Court's failure to grant a request for a further reduction of sentence under Section 3582(c)(2) of the Sentencing Reform Act of 1984, 18 U.S.C. § 3582(c)(2). Appellant's attorney has filed a motion to withdraw as counsel and a brief in support of that motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons that follow, we affirm the judgment of the District Court and grant counsel's motion to withdraw.

I.

Appellant Kevin Lamarr Bethea, pursuant to a written agreement, pled guilty to distribution and possession with intent to distribute fifty grams or more of cocaine base. This offense carries a maximum term of life imprisonment and a mandatory minimum term of ten years imprisonment. 21 U.S.C. § 841(b)(1)(iii). Based upon Bethea's criminal history and his offense level, his sentencing range under the Sentencing Guidelines was 121-151 months. The District Court imposed a 121 month sentence.

Amendments to the Guidelines for cocaine base offenses passed after Bethea's original sentencing resulted in a reduction of his total offense level from 29 to 27 – reducing his imprisonment range to 100-125 months. Bethea sought a reduction in his sentence because it was now one month above the mandatory minimum. Bethea's motion was granted and his sentence reduced to 120 months. The statutorily required 120 month mandatory minimum prevented the District Court from imposing any greater reduction.

Bethea filed this appeal apparently seeking a further reduction in his sentence. Following the filing of counsel's *Anders* brief, Bethea was notified he could submit a *pro*

*se* brief. Bethea's motion for an extension of time to do so was granted, but the time to file has passed and he has not availed himself of this opportunity.

## II.

Under *Anders*, counsel must "'satisfy the court that he or she has thoroughly scoured the record in search of appealable issues,' and then 'explain why the issues are frivolous.'" *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We must then consider: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* (quoting *United Sates v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Counsel reports that he has reviewed the guilty plea and sentencing record, and the motions for relief under § 3582(c)(2). Counsel also corresponded with Bethea about other possible issues for appeal. According to counsel, Bethea's concern is that possible future legislation designed to equalize the penalties for cocaine and cocaine base offenses might result in a further reduction in his sentence. Counsel has determined that this appeal, including the challenged sentence, is wholly frivolous.

After an independent review of the record, we find that counsel has fulfilled his obligations under *Anders* by asserting and adequately briefing the only conceivable issue Bethea sought to raise. Bethea was eligible for consideration under § 3582(c)(2) because he was prosecuted for an offense involving cocaine base and the guideline range was premised upon the nature and quantity of the substance. The District Court reduced his

3

sentence by one month – the amount of time the guideline range exceeded the statutory mandatory minimum sentence. Bethea is not eligible for any further reduction.

### III.

For the above-stated reasons, we will grant counsel's motion to withdraw and affirm the sentence. We find further that this issue lacks legal merit and does not require the filing of a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2 (2008).